73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Al SECKEL, Plaintiff-Appellant,
v.
Anthony BLUMKA, d/b/a Blumka II Gallery, Defendant-Appellee.
Al SECKEL, Plaintiff-Appellee,
v.
Anthony BLUMKA, d/b/a Blumka II Gallery, Defendant-Appellant.
 Nos. 94-55339, 94-55528.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1995.
Decided Dec. 20, 1995.
 
 Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 ORDER & MEMORANDUM*
 
 
 2
 Al Seckel appeals the various district court decisions made in the course of a jury trial concerning a contract dispute in the sale of a 16th-century German clock. Anthony Blumka appeals the district court's denial of his motion for sanctions. We affirm the district court's decisions, and we sanction Larry A. Sackey for misleading this court during oral argument.
 
 MERITS
 
 3
 We have thoroughly examined the record and cannot identify any errors in the district court's summary judgment rulings or evidentiary rulings. We conclude the district court did not abuse its discretion in limiting the misrepresentation claims by summary judgment to the allegations that Blumka guaranteed it and that other attempts had been made to sell it. We also conclude the district court did not abuse its discretion in admitting the evidence which indicated Seckel was an expert in antique clocks.
 
 
 4
 We conclude the district court was justified in refusing to give a jury instruction on active concealment. Seckel's active concealment claim was no longer before the jury by the time it was instructed.
 
 
 5
 The jury resolved all of Seckel's claims against him. Because we are not disturbing the jury's verdict, we do not reach the punitive damages issues.
 
 
 6
 Finally, we uphold the district court's denial of Blumka's request for sanctions in connection with the disputed fax.
 
 SANCTIONS ON APPEAL
 
 7
 During the oral argument of this case in Pasadena, California on August 8, 1995, Larry A. Sackey, counsel for Al Seckel, in response to questions from the panel forcefully and unequivocally said that he had verified after the trial that disputed letterhead exhibits identifying his client as dealing in "Museum Quality Antique Clocks, Furniture, and Rare Books" were fake. Mr. Sackey also represented that based on his verification of the counterfeit nature of these exhibits after the trial, he had specifically included this information in a motion to the district court for a new trial. To quote Mr. Sackey at oral argument, "This was one of the main issues that were incorporated into our motion for a new trial."
 
 
 8
 Because of the seriousness of Mr. Sackey's statements to the panel during oral argument suggesting the possible commission of federal crimes, and because the district court record did not substantiate Mr. Sackey's representations to this court, Mr. Sackey was given two opportunities to verify his serious allegations, or in the alternative to show cause why sanctions should not be levied against him and his client for violating State Bar of California Rule 5-200 regarding false and misleading statements to a tribunal. These orders were issued to Mr. Sackey pursuant to Ninth Circuit General Order Sec. 10.9 and were dated August 22, 1995 and September 21, 1995.
 
 
 9
 Mr. Sackey filed two responses to the orders to show cause, one filed on September 6, 1995, and the other on October 6, 1995. In addition, Mr. Sackey filed on September 18, 1995 a reply to a declaration filed by Iain Nasatir on September 11, 1995.
 
 
 10
 In Mr. Sackey's combined responses to this Court, he admits:
 
 
 11
 (1) Contrary to his representations to the panel, he did not independently investigate the authenticity of the disputed exhibits after the trial in the district court, and
 
 
 12
 (2) He did not include in a motion for a new trial in district court any information or claim regarding the authenticity of the exhibits.
 
 
 13
 Mr. Sackey has been given fair notice of this Court's concerns regarding his statements to this Court to the effect that false exhibits had been used in district court against his client, and what he supposedly did about it. This court also concludes that Mr. Sackey has been given an adequate opportunity to explain his conduct. Accordingly, this court finds and concludes as follows:
 
 
 14
 (1) Mr. Sackey did not independently investigate after the trial the authenticity of the disputed exhibits.
 
 
 15
 (2) Mr. Sackey's claim to this Court that he conducted such an inquiry was false and misleading.
 
 
 16
 (3) Mr. Sackey did not use the results of this supposed inquiry to support his motion for a new trial.
 
 
 17
 (4) Mr. Sackey's claim to this Court that he did use the results of this supposed inquiry to support his motion for a new trial was false and misleading.
 
 
 18
 (5) Allegations such as Mr. Sackey's to the effect that false evidence has been used in a case are serious and not to be made in this Court without adequate investigation and inquiry, which was not done in this matter.
 
 
 19
 (6) Mr. Sackey's uncorroborated and reckless allegations have caused this court and counsel for Mr. Blumka to waste valuable time both looking into the allegations and responding to them.
 
 
 20
 Accordingly, and as sanctions against Mr. Sackey for unprofessional conduct in violation of Rule 5-200, appellee Anthony Blumka is awarded (1) double costs of this appeal, and (2) his attorneys' fees incurred in connection with this Court's orders to show cause, not to exceed $5,000. The determination of such fees is ordered transferred to the district court that heard this trial. Circuit Rule 39-1.8. It is so ordered.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3